Filed 4/11/22  P. v. Maytorena CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>            v.<br><br>BRENNEN JOSHUA MAYTORENA,<br><br>      Defendant and Appellant. | F082998<br><br>(Super. Ct. No. F16904363)<br><br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*      Before Poochigian, Acting P. J., Peña, J. and DeSantos, J.

Appointed counsel for defendant Brennen Joshua Maytorena asked this court to review the record to determine whether there are any arguable issues on appeal following our remand of this case in *People v. Maytorena* (July 30, 2020, F077998) [nonpub. opn.] (*Maytorena*). (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

On July 8, 2016, defendant attacked his father with a kitchen knife, lacerating a tendon in his hand. (*Maytorena*, *supra*, F077998.)

On June 21, 2018, defendant was convicted by jury trial of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1);[1] count 1). The jury found that defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)), and the trial court found that he had suffered a prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and had served two prior prison terms (§ 667.5, subds. (a) & (b)). (*Maytorena*, *supra*, F077998.)

On August 10, 2018, the trial court sentenced defendant to the midterm of six years (three years, doubled pursuant to the Three Strikes law), plus a consecutive three-year bodily injury enhancement. The court struck the prior prison term enhancements, awarded credits, and imposed various fines and fees. (*Maytorena*, *supra*, F077998.)

On appeal, we conditionally reversed and remanded for the trial court to consider defendant's eligibility for mental health diversion under section 1001.36.[2] (*Maytorena*, *supra*, F077998.) Section 1001.36 authorizes a trial court to grant "pretrial diversion," a

---

[1]    All statutory references are to the Penal Code.

[2]    Section 1001.36 became effective on June 27, 2018. (Stats. 2018, ch. 34, § 24.)

2.

postponement of prosecution to allow the defendant to undergo mental health treatment if the defendant meets specified requirements. (§ 1001.36, subds. (a) & (c).) Successful completion of diversion results in the dismissal of the original charges. (§ 1001.36, subd. (e).) The trial court may grant diversion if the following criteria are met: (1) the defendant suffers from a recently diagnosed mental disorder enumerated in the statute; (2) the disorder was a significant factor in the commission of the charged offense; (3) "[i]n the opinion of a qualified mental health expert, the defendant's symptoms of the mental disorder motivating the criminal behavior would respond to mental health treatment"; (4) *the defendant consents to diversion* and waives his right to a speedy trial; (5) *the defendant agrees to comply with treatment as a condition of diversion*; and (6) the defendant will not pose an unreasonable risk of danger to public safety if treated in the community. (§ 1001.36, subd. (b)(1); see *People v. Frahs* (2018) 27 Cal.App.5th 784, 789–790.)

On May 25, 2021, Dr. Donna Snow, the psychologist hired to assess defendant's mental health, reported to defense counsel that she had tried to conduct a telephonic interview with defendant, but he refused to take her call. Prison staff tried several times, unsuccessfully, to convince defendant to take the call.

On June 7, 2021, the trial court denied defendant's motion for mental health diversion on the grounds that he would not agree to comply with treatment and would not consent to diversion. The court reinstated defendant's conviction and sentence.

On June 29, 2021, defendant filed a notice of appeal.

## DISCUSSION

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## **DISPOSITION**

The judgment is affirmed.